1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8       NORTHERN DISTRICT OF CALIFORNIA
9       SAN FRANCISCO DIVISION
10

11  PHU G. HUYNH,                              Case No. 11-cv-03195 NC

12              Plaintiff,                     **ORDER GRANTING DEFENDANTS'**
                                               **MOTION FOR SUMMARY**
13          v.                                 **JUDGMENT**

14  UNITED STATES POSTAL SERVICE, and          Re: Dkt. No. 76
    PATRICK DONAHOE, Postmaster General,
15
16              Defendants.

17

18      Plaintiff Phu G. Huynh brings this action for discrimination under Title VII of the

19  Civil Rights Act and the Age Discrimination in Employment Act (ADEA) against his

20  former employer, defendants the United States Postal Service and Postmaster General

21  Patrick Donahoe.  Defendants move for summary judgment arguing that Huynh's claims are

22  time-barred because he failed to timely exhaust his administrative remedies with the Equal

23  Employment Opportunities Commission (EEOC).  The issue presented is whether the

24  statute of limitations for complying with the EEOC's procedural requirements is equitably

25  tolled.  After hearing argument and considering the parties' briefs, the Court finds Huynh's

26  claims time-barred and GRANTS defendants' motion for summary judgment.

27  //

28

# I. BACKGROUND

## A.  Factual Background

Plaintiff Huynh worked for defendant the United States Postal Service (USPS) as a letter carrier from December 20, 1997 to January 8, 2010.  Dkt. No. 1 ¶ 5.

On June 12, 2008, the USPS issued to Huynh a fourteen-day, no-time-off suspension for failure to follow instructions, "expansion of street time," and unacceptable work performance.  Dkt. No. 4 at 2.  Huynh filed a complaint with the USPS's Equal Employment Opportunity office (EEO) in response to the suspension, alleging discrimination on the basis of race and age.  *Id.* at 5.  The EEO issued a written decision in December 2008 finding that the evidence did not support a finding of discrimination.  Dkt. No. 77-1 at 45-59.

On August 27, 2008, the USPS issued to Huynh a notice of removal.  *Id.* ¶ 10; Dkt. No. 4 at 16-18.  The notice of removal stated that Huynh's employment would be terminated on September 28, 2008, as a result of his unsatisfactory work performance.  *Id.* Huynh disputed the notice of removal by filing a grievance with his union, the National Association of Letter Carriers, AFL-CIO (the union).  Dkt. No. 1 ¶ 11.  The USPS's Dispute Resolution Team rescinded the notice of removal on November 17, 2008, after finding that it was not issued for just cause.  *Id.* ¶ 12; Dkt. No. 4 at 11-12.

On June 23, 2009, the USPS issued to Huynh a second notice of removal for failure to perform the duties of the position, failure to follow instructions, and poor work performance.  Dkt. No. 77-2 at 10-14.  The second notice of removal stated that Huynh's employment would be terminated on July 22, 2009.  *Id.*  In response to the second notice of removal, Huynh filed a second grievance with the union.  Dkt. No. 1 ¶ 18; Dkt. No. 4 at 24. The USPS's Dispute Resolution Team declared an impasse on Huynh's claim on January 8, 2010.  Dkt. No. 4 at 24.  Huynh appealed this decision through arbitration.  Dkt. No. 1 ¶ 35; Dkt. No. 4 at 45.  On June 15, 2010, the arbitrator denied Huynh's claim and upheld Huynh's termination, finding that the USPS had just cause to issue the second notice of removal.  Dkt. No. 69, Ex. A.

1  Following arbitration, on July 19, 2010, Huynh filed a complaint with the EEO,

2  alleging that the second notice of removal was in retaliation for his "prior EEO activity"

3  and was also the result of the USPS's discrimination against him on the basis of race and

4  age. Dkt. No. 1 ¶ 37; Dkt. No. 77-2 at 16.  The EEO dismissed this complaint on August

5  11, 2010, because Huynh did not contact an EEO counselor within forty-five days of the

6  date on which the allegedly discriminatory action took place. Dkt. No. 4 at 50-53.  Huynh

7  appealed the EEO's decision to the EEOC, arguing that the second grievance he filed with

8  the union with respect to the second notice of removal tolled the forty-five-day statute of

9  limitations. Dkt. No. 1 ¶ 40; Dkt. No. 4 at 54-56.  The EEOC upheld the EEO's dismissal

10  of Huynh's claim. Dkt. No. 4 at 54-56.  Huynh subsequently filed a request for

11  reconsideration of the EEOC's decision, but the EEOC denied that request on April 7,

12  2011. Dkt. No. 80-1 at 38-39.

13  **B.  Procedural History**

14  On June 28, 2011, Huynh filed a complaint in this Court against defendants the

15  USPS and Patrick Donahoe, Postmaster General, alleging that his termination from the

16  USPS was retaliatory and discriminatory on the bases of race and age in violation of Title

17  VII and the ADEA. Dkt. No. 1 ¶¶ 8, 14, 16, 28, 29, 31, 43, 44-46.  Although paragraph

18  eight of the complaint and Huynh's EEO form complaints indicate that he alleges racial

19  discrimination, the facts alleged in the complaint state claims of discriminatory action on

20  the basis of Huynh's age and retaliatory action based on his 2008 EEO complaint.

21  **1.  Defendants' motion to dismiss**

22  Defendants moved to dismiss Huynh's complaint under Rules 12(b)(1) and 12(b)(6)

23  for failure to exhaust his administrative remedies. Dkt. No. 27.  Defendants argued that

24  Huynh's complaint must be dismissed because he did not contact an EEO counselor within

25  the forty-five-day statute of limitations.  Defendants further contended that the limitations

26  period is not subject to equitable tolling because (1) Huynh's participation in the union

27  grievance process did not toll the statute of limitations; and (2) Huynh had actual and

28  //

constructive notice of the EEO's procedures, including the time in which to contact an EEO counselor.

This Court denied defendants' motion to dismiss and found that "Huynh's allegation that he was unaware of the 45-day statute of limitations is sufficient to survive defendants' motion under 12(b)(6)." Order, Dkt. No. 57 at 8; *see* 29 C.F.R. § 1614.105(a)(2) (stating that the EEOC "shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them"). Because the filing of a claim with an EEO counselor is a prerequisite to Huynh's claim of age discrimination under the ADEA as well, the Court also denied the motion as to that claim. *Id.* at 9.

### 2.    Defendants' motion for summary judgment

Defendants now move for summary judgment arguing first, that Huynh's claims are barred because he failed to comply with the administrative procedures set forth by the EEO within the statutory period. Defendants contend that Huynh's failure to contact an EEO counselor within forty-five days about the USPS's allegedly discriminatory act is undisputed, and that he failed to put forth any facts that would indicate that he was unaware of this statutory requirement. Defendants point to Huynh's 2008 EEO complaint, the posters hung up at the USPS branch where Huynh worked, and the training he received as indications that he had notice that he was required to contact an EEO counselor within forty-five days in order to preserve his right to file a lawsuit. In support of these factual allegations, defendants submit the declarations of Chris Casey, Postmaster at the Castro Valley Hayward Branch, copies of Huynh's 2008 EEO claim, and proof of his training from his personnel file. *See* Dkt. Nos. 55-2, 70; Dkt. No. 77-1 at 28-3; Dkt. No. 77-1 at 15.

Defendants also argue that they are entitled to summary judgment on the merits of the case because Huynh has failed to show a prima facie case for either retaliation or age discrimination.

*//*

1    **C.    Jurisdiction**

2        The court has jurisdiction over this action under 28 U.S.C. § 1331 and 39 U.S.C.

3    § 401.  All parties consented to the jurisdiction of a United States magistrate judge under

4    28 U.S.C. § 636(c).  Dkt. Nos. 9, 33.

5                              **II. LEGAL STANDARD**

6        Summary judgment may be granted only when, drawing all inferences and resolving

7    all doubts in favor of the nonmoving party, there are no genuine issues of material fact and

8    the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex*

9    *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing

10   substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*,

11   477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is

12   such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  Bald

13   assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of Los*

14   *Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

15       The moving party bears the burden of identifying those portions of the pleadings,

16   discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.

17   *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving

18   party must go beyond the pleadings and, by its own affidavits or discovery, set forth

19   specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c).  All

20   reasonable inferences, however, must be drawn in the light most favorable to the

21   nonmoving party.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

22                              **III. DISCUSSION**

23   **A.    Huynh's Title VII Discrimination and Retaliation Claims Are Time-Barred.**

24       "Title VII specifically requires a federal employee to exhaust his administrative

25   remedies as a precondition to filing suit [in federal court]." *Vinieratos v. United States*

26   *Dept. of Air Force Through Aldridge*, 939 F.2d 762, 767-68 (9th Cir. 1991).  "Whether a

27   claimant has satisfied that precondition is itself a question of law." *Id.* at 768.  The EEOC,

28   which is the agency authorized to issue rules and regulations to implement Title VII,

requires federal employees seeking to file a claim under Title VII to contact an EEO counselor within forty-five days of the allegedly discriminatory act.  29 C.F.R. § 1614.105(a)(1); *see also* 42 U.S.C. § 2000e-16(b) (authorizing the EEOC to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section").  "By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination."  *Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980).  The statute of limitations on a federal cause of action begins to run when the plaintiff receives notice of the discriminatory action.  *See Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008) (holding that the statute of limitations on federal claims of employment discrimination begins to run on the date the "adverse decision was communicated" to the plaintiff).

Huynh received his notice of removal on June 23, 2009.  He filed his grievance with the EEO on July 19, 2010.  This is outside of the forty-five-day window in which to contact an EEO counselor as required under Title VII.  A statute of limitations will be equitably tolled, however, where the plaintiff had neither actual nor constructive notice of the filing period.  *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (internal citation and quotation marks omitted).  The inquiry focuses on whether a plaintiff's failure to file by the relevant deadline is "excusable delay."  *Id.*  "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs."  *Id.*  If Huynh's failure to contact an EEO counselor within forty-five days of his receipt of the notice of removal is not equitably tolled, his claims under Title VII are barred.  *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) ("[A]bsent waiver, estoppel, or equitable tolling, failure to comply with this regulation is fatal to a federal employee's discrimination claim in federal court.") (internal citation and quotation marks omitted).

//

1         Defendants argue that no dispute of material fact exists as to whether Huynh was

2  aware of the limitations period.  Huynh received new employee training when he was hired

3  as a letter carrier at the Castro Valley Hayward Branch.  Dkt. No. 77-1 at 15.  In 2000,

4  Huynh received sexual harassment prevention training.  *Id.*  Postal Service policy and

5  practice is to include training on EEO policies during both new employee orientation and

6  sexual harassment training.  Felts Decl. ¶ 4, Dkt. No. 72.  Furthermore, on June 6, 2008,

7  Huynh contacted an EEO counselor about the fourteen-day suspension he received on June

8  5, 2008.  *Id.* ¶ 7, Ex. 2.  Huynh subsequently filed a complaint with the USPS's EEO on

9  July 30, 2008.  Dkt. No. 77-1 at 28-32.  The form complaint Huynh filed outlined the

10  procedures of filing a claim with the EEO, including the requirement to contact a counselor

11  within forty-five days of the incident.  Dkt. No. 77-1 at 40-41.  As part of his 2008 EEO

12  process, Huynh was given a copy of the pamphlet, "What You Need to Know About EEO,"

13  which states that an employee must contact the EEO within forty-five days of the allegedly

14  discriminatory act.  Dkt. No. 72 ¶ 6, 9; Dkt. No. 77-1 at 34; Dkt. No. 77 at 98:21-8.

15         In addition, the Castro Valley Hayward Branch hung posters summarizing the EEO

16  process—which specifically stated that an EEO counselor must be contacted within forty-

17  five days of the adverse action—on a large bulletin board labeled "Policy Board"

18  conspicuously placed in hallways and breakrooms.  Casey Decl. ¶ 2, Ex. A, Dkt. No. 55-2;

19  Casey Supp. Decl. ¶ 4, Dkt. No. 70.  As part of the investigation into Huynh's 2008 EEO

20  complaint, the investigator verified that the poster "Equal Opportunity is the Law," which

21  states that a claimant must contact an EEO counselor within forty-five days of the adverse

22  action, was hung in the Hayward Branch.  Dkt. No. 77-1 at 32; Felts Decl. ¶ 7, Dkt. No. 72.

23  The presence of such a poster alone constitutes constructive notice of the filing requirement.

24  *Johnson*, 314 F.3d at 415 n.4.

25         Huynh does not offer any evidence to rebut defendants' argument that that there is no

26  dispute that he had notice of the forty-five day period in which to contact an EEO counselor

27  about his claims of discrimination and retaliation.  In his opposition to defendants' motion

28  for summary judgment, Huynh argues the merits of his case, but does not address the

prerequisite contact with an EEO counselor.  He admits that he did not file an EEO complaint until July 19, 2010, and that he instead chose to pursue the union grievance process following his receipt of the notice of removal in June 2009.  Dkt. No. 80 at 5.  Yet, utilizing the union grievance process is not the same thing as contacting an EEO counselor. *Vinieratos*, 938 F.3d at 768.  Nor does it toll the statute of limitations.  *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 240 (1976).

Huynh does not even argue, let alone provide evidence of a factual dispute, that he did not know that he had to contact an EEO counselor in order to preserve his right to pursue a Title VII claim in federal court.  In order to oppose defendants' motion for summary judgment, Huynh "must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256.  Defendants have shown facts that indicate that Huynh had at least constructive notice, if not actual notice, that he had to contact an EEO counselor within forty-five days of his notice of removal in order to preserve his claims under Title VII for federal court.  Because Huynh has not shown this fact to be disputed, the Court GRANTS summary judgment as to Huynh's claims for age discrimination and retaliation, and to the extent it was pleaded, racial discrimination, under Title VII.

**B.  Huynh's ADEA Claim Is Likewise Barred by His Failure to Exhaust.**

"Under the ADEA, an employee has two alternative options for seeking judicial redress": (1) to file a notice with the EEOC within 180 days of the alleged discriminatory act and at least thirty days prior to filing suit in federal court; or (2) to contact an EEO counselor within forty-five days of the incident and then pursue the agency's adjudicative process. *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).  Pursuing one of these avenues is a prerequisite to bringing a civil action in federal court.  29 C.F.R. § 1614.105(a)(1); 29 U.S.C. § 633a(d).

Huynh opted for the second avenue and filed a complaint with the USPS EEO eleven months after receiving his notice of removal.  As discussed above, Huynh did not contact an

EEO counselor within forty-five days of being removed, and the statute of limitations is not equitably tolled.  Because Huynh failed to timely comply with the administrative procedures governing his ADEA claim, defendants' motion for summary judgment as to this claim is GRANTED.

**IV. CONCLUSION**

Defendants have shown that no genuine dispute of material fact exists as to whether Huynh complied with the statutory prerequisites to bringing claims under Title VII and the ADEA, and so the Court GRANTS their motion for summary judgment.

IT IS SO ORDERED.

Date: May 14, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge